**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL SMITH, | No. 20-55304 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-05562-DMG-PLA |
| v. | |
| 116 S MARKET LLC, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted December 7, 2020[**]
Pasadena, California

Before: OWENS and LEE, Circuit Judges, and EZRA,[***] District Judge.

Defendant 116 S Market LLC appeals from the district court's judgment granting Plaintiff Michael Smith's motion for summary judgment. The district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

court determined that the Defendant had violated the Americans with Disabilities Act ("ADA") and ordered the Defendant to provide ADA-compliant parking spaces and access routes to its property at 116 S. Market Street, Inglewood, California—which the Defendant currently leases to a marijuana dispensary—as well as pay $12,000 in damages under the California Unruh Civil Rights Act. We review a district court's grant of summary judgment de novo. *See Booth v. United States*, 914 F.3d 1199, 1203 (9th Cir. 2019). We have jurisdiction under 28 U.S.C. § 1291. Because the dispensary has not been evicted, this case is not moot. As the parties are familiar with the facts, we do not recount them here. We affirm.[1]

On appeal, the Defendant does not challenge the district court's determination that the Defendant violated the ADA. Instead, the Defendant argues that the district court's order "exceed[ed] its jurisdiction" because the order mandates an illegal act. Specifically, the Defendant contends that mandatory compliance with the ADA would force the Defendant to facilitate Smith's access to marijuana and therefore "abet[]" violations of the Controlled Substances Act ("CSA"). According to the Defendant, this puts it in the untenable position of either violating the court's order under the ADA or facing criminal prosecution under the CSA.

---

[1] We also grant Smith's motion to take judicial notice of the court docket in the unlawful detainer and eviction proceedings filed December 12, 2019 in the Los Angeles Superior Court. Dkt. No. 37.

The district court's order does no such thing.  First, the order is silent as to marijuana use.  The order merely requires that the Defendant comply with its obligations under the ADA.  Second, the Defendant misapplies *James v. City of Costa Mesa*, 700 F.3d 394 (9th Cir. 2012).  *James* interpreted standing provisions under Title II of the ADA, but Smith's challenge arises under Title III.  *James* also limited its holding to "medical marijuana users who claim to face discrimination *on the basis of* their marijuana use."  700 F.3d at 397 n.3.  Smith does not allege discrimination on the basis of any marijuana use, his or otherwise.  Furthermore, the Defendant's argument about an increased risk of criminal prosecution has no merit.  The Defendant cites a November 20, 2019 letter from the California Bureau of Cannabis Control as support for its concern regarding criminal liability, but the Bureau's letter emphasized the fact that the Defendant's property was "being used for illegal commercial cannabis activity" and that such activity was "unlicensed."  Adding ADA-compliant facilities would not change this basic fact.

Because we reject the Defendant's challenge on its merits, we need not decide the issue of waiver.

**AFFIRMED**.